JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8165 PA (RZx) | Date | September 25, 2012 |
|---|---|---|---|
| Title | Debbie Drucker, et al. v. DePuy Orthopaedics, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendants DePuy Orthopaedics, Inc.; DePuy, Inc.; DePuy International Limited; Johnson & Johnson; Johnson & Johnson Services, Inc.; and Johnson & Johnson International ("Defendants").  Defendants assert that this Court has jurisdiction over the action brought against them by plaintiffs Debbie Drucker and Scott Drucker ("Plaintiffs") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990);

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-8165 PA (RZx) | Date | September 25, 2012 |
|---|---|---|---|
| Title | Debbie Drucker, et al. v. DePuy Orthopaedics, Inc., et al. | | |

"[A] professional corporation is to be treated like other corporations for purposes of determining the presence or absence of diversity jurisdiction." Cote v. Wadel, 796 F.2d 981, 983 (7th Cir. 1986).

      For purposes of diversity, Plaintiffs are citizens of California; DePuy Orthopaedics, Inc. is a citizen of Indiana; DePuy, Inc. is a citizen of Delaware and Indiana; DePuy International Limited is a citizen of the United Kingdom; Johnson & Johnson, Johnson & Johnson International, and Johnson & Johnson Services, Inc. are citizens of New Jersey; and defendants Thomas P. Schmalzried, M.D., a Professional Corporation ("Dr. Schmalzried") and OrthoLA, Inc. are citizens of California.

      Because Dr. Schmalzried and OrthoLA are citizens of California, there is no complete diversity of citizenship. Furthermore, even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Although Defendants acknowledge in their Notice of Removal that Dr. Schmalzried and OrthoLA are citizens of California, they maintain that their citizenships should be ignored because they have been fraudulently joined. If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

      "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42–43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

      Defendants contend that neither Dr. Schmalzried nor OrthoLA could be found liable under California State law because (1) the asserted claims are preempted when brought against non-manufacturers of an FDA-approved product; (2) no California court would impose strict liability on the California defendants; (3) the negligence claim against Dr. Schmalzried fails because Plaintiffs cannot establish that Dr. Schmalzried owed any independent duty to them; (4) the negligence claims against

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8165 PA (RZx) | Date | September 25, 2012 |
|---|---|---|---|
| Title | Debbie Drucker, et al. v. DePuy Orthopaedics, Inc., et al. | | |

OrthoLa fails because Plaintiffs cannot establish that OrthoLA violated any duty to them; (5) the claims for negligent misrepresentation, intentional misrepresentation, fraudulent concealment, and violations of California Consumers Legal Remedies Act fail because Plaintiffs do not identify any allegedly deceptive statements made by Dr. Schmalzried or OrthoLA, nor can Plaintiffs establish any connection between the California defendants' actions and Plaintiffs' injuries to satisfy the reliance and causation elements of Plaintiffs' fraud-based claims; (6) the loss of consortium claim fails because a spouse's claim for loss of consortium is entirely derivative in nature, and thus only viable if the injured spouse has a viable claim; and (7) the breach of warranty claims against OrthoLA fail because OrthoLA never owned the medical device at issue, and Plaintiffs cannot establish privity with OrthoLA.

  The Court finds that Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiffs may prevail on any of their claims against Dr. Schmalzried or OrthoLA. For instance, under California law, "[t]he elements of fraud, which give rise to the tort action for deceit, are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." Convoy v. Regents of Univ. of Cal., 45 Cal. 4th 1244, 1255, 91 Cal. Rptr. 3d 532, 543 (2009).

  Plaintiffs' Complaint alleges that Defendants, including Dr. Schmalzried and OrthoLA, supplied false information that the implant was safe and posed no unacceptably high rate of failure, and that Plaintiffs justifiably relied on this material information to their detriment. Thus, neither the Complaint nor the evidence submitted in support of the Notice of Removal forecloses the possibility of Plaintiffs succeeding on their negligent misrepresentation claim.

  Because Defendants have failed to meet their heavy burden of showing that Dr. Schmalzried and OrthoLA were fraudulently joined, their presence defeats the complete diversity requirement. Neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning § 1332's requirements. Therefore, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly, the Court remands this action to the Los Angeles County Superior Court, Case No. BC489466, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.